UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD NIGHT INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARC OLIVER KOZLOWSKI,<br><br>　　　　Defendant. | Case No. 5:25-cv-04576-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE AND SET ASIDE DEFAULT**<br><br>[Re: ECF No. 15] |

Before the Court is pro se Defendant Marc Oliver Kozlowski's motion to quash service of process and set aside default. ECF No. 15 ("Mot."). Plaintiff Good Night Investments, LLC opposes the motion. ECF No. 22. The Court finds the motion suitable for adjudication without oral argument and VACATES the hearing scheduled for February 12, 2025. *See* Civ. L.R. 7-1(b).

For the reasons below, Plaintiff's motion is DENIED.

## I.  BACKGROUND

Plaintiff filed the complaint in this action on May 30, 2025. ECF No. 1. On August 11, 2025, Magistrate Judge Cousins granted Plaintiff's ex parte motion to extend time for service and denied Plaintiff's request directing service by the U.S. Marshals Service. ECF No. 9. On August 27, 2025, Plaintiff returned a certificate of service stating that the process server left the summons at Defendant's residence with Laura Williams on August 15, 2025, and on August 19, 2025, "thereafter mailed by first class, postage prepaid, copies of the documents to the person to be served at the place where the copies were left." ECF No. 12.

On September 8, 2025, Plaintiff filed a motion for entry of default against Defendant, ECF No. 13, which the Clerk entered on September 10, 2025, ECF No. 14. Defendant subsequently filed the Motion and declined magistrate jurisdiction, after which the case was assigned to the

undersigned district judge. ECF No. 20.

## II. LEGAL STANDARD

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Accordingly, Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss an action for insufficiency of service of process. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013). If the plaintiff is unable to satisfy its burden of proving valid service, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-3237-LB, 2016 WL 5462499, at *14 (N.D. Cal. Sept. 28, 2016).

"The court may set aside an entry of default for good cause" pursuant to Federal Rule of Civil Procedure 55(c). In the Ninth Circuit, good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Technically, this test "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. Defendant Was Properly Served

Rule 4 of the Federal Rules of Civil Procedure allows service on an individual within a judicial district of the United States by the methods outlined in the rule itself, as well as by the methods permitted under the laws of the forum state (here, California) and the state in which

2

service is attempted (Florida).  Fed. R. Civ. P. 4(e).  Defendant argues that "[t]he summons and complaint were incorrectly served on Laura Williams, who does not reside with the Defendant, and who was not authorized to accept service of process on behalf of the Defendant."  Mot. at 2.  Defendant further argues that "[a]lthough Plaintiff also mailed the Summons and Complaint, this attempt at service was also improper under Federal and Florida law."  *Id.*  In support of the motion, Defendant has filed a declaration of Laura Williams in which she states that she informed the process server that she did not permanently reside at Defendant's residence and would not accept any papers on his behalf.  Declaration of Laura Williams ("Williams Decl.") ¶¶ 4–5, ECF No. 15-1.

Plaintiff argues that service on Defendant complies with the requirements of Federal Rule of Civil Procedure 4(e)(2)(B).[1]  Opp. at 6.  The Court agrees.  Rule 4(e)(2)(B) provides that an individual may be served by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Defendant does not dispute that the summons was left at his dwelling or that Ms. Williams is of suitable age and discretion—the only issue before the Court is whether Ms. Williams "resides" there.  The Court agrees with Plaintiff that the Williams Declaration—the only evidence suggesting that Defendant was not validly served—is not credible based on Plaintiff having obtained a Comprehensive Person Report confirming that she has continuously resided at Defendant's residence since September 2016 and that her driver's license, voter registration, and business filings all list that address.  *See* Declaration of Frank Santana ¶¶ 3–8, ECF No. 22-2.

"When a defendant alleges that he was not served with process, '[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'"  *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513 (N.D. Cal. 2011) (alteration in original) (quoting *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007)).  Because Plaintiff has filed a signed return of service, the Court concludes that

---

[1] Plaintiff also argues that Defendant's motion is procedurally defective for failure to comply with Civil Local Rule 7-2(a).  Opp. at 6.  In light of Defendant's status as a pro se litigant the Court concludes that his failure to comply with the rule is not sufficient to deny his motion on that ground alone.

1  Ms. William's declaration "is insufficient to overcome this prima facie evidence of valid service."
2  *Id.* And to the extent that Defendant argues that Ms. Williams was not authorized to accept
3  service on his behalf, this argument is unavailing. Although Rule 4(e)(2)(c) requires the
4  individual accepting service to be authorized, "Rule 4(e)(2)(b) requires no such authorization."
5  *S. S. v. Ali*, No. 23-cv-5074-JSC, 2024 WL 150728, at *5 (N.D. Cal. Jan. 11, 2024).

### B. Defendant Has Not Shown Good Cause to Set Aside the Entry of Default

Defendant has not made any showing of good cause to set aside the entry of default. Moreover, the Court agrees with Plaintiff that Defendant's conduct was culpable in that Defendant clearly received constructive notice of this action and failed to respond. *TCI Grp.*, 244 F.3d at 697. Defendant has provided no evidence, let alone "specific facts," that would constitute a defense. *Id.* at 700. The Court agrees that reopening the case would cause undue delay to Plaintiff, who has already tried numerous times to effectuate service on Defendant. Although the Court is mindful that resolution on the merits is almost always preferable to the entry of a default, it concludes that service was proper, and there is simply no showing of good cause justifying an order setting aside the entry of default in this case.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the motion to quash service of process and set aside default is DENIED. Plaintiff SHALL submit a motion for default judgment within 60 days of the date of this order.

Dated: October 24, 2025

_____
BETH LABSON FREEMAN
United States District Judge